108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Melvin J. PALMER, Plaintiff-Appellant,
v.
Daniel G. JOHNSON, Law Librarian, Defendant-Appellee.
 No. 96-2070.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 4, 1997.*
Decided March 4, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 While Melvin Palmer was incarcerated at the Indiana State Farm (an Indiana prison from which he has since been transferred), he encountered difficulties in trying to pursue legal claims. He brought suit under 42 U.S.C. § 1983 against Daniel Johnson, the law librarian, alleging violations of his right of access to the courts as established by Bounds v. Smith, 430 U.S. 817 (1977). The district court entered summary judgment in favor of defendants. After Palmer filed a motion for a new trial, which the district court construed as a motion under Federal Rule of Civil Procedure 59 and denied, he appealed. Because Palmer's motion was timely filed under Rule 59 and his notice of appeal was timely filed after the district court denied the motion, Houston v. Lack, 487 U.S. 266 (1988), we have jurisdiction to consider both the denial of the Rule 59 motion and the underlying judgment. Petru v. City of Berwyn, 872 F.2d 1359, 1362 (7th Cir.1989).
 
 
 2
 In the district court, Palmer alleged that Johnson obstructed his access to the courts by 1) refusing to copy and mail free of charge papers relating to Palmer's state post-conviction proceeding unless Palmer presented a docket sheet, 2) restricting research time in the library, and 3) refusing to copy or mail correspondence to the Indiana attorney disciplinary committee. On appeal, he contends that the district court erred in granting summary judgment to Johnson because a material issue of fact remains, specifically whether Palmer was unconstitutionally delayed in ascertaining and presenting his claims because of limited library research time.
 
 
 3
 The Supreme Court revisited Bounds in Lewis v. Casey, 116 S.Ct. 2174 (1996), where it stated, "[t]he right that Bounds acknowledged was the (already well-established) right of access to the courts," id. at 2179 (emphasis in original), not the right to any particular means of access. Thus, prison facilities such as law libraries and legal assistance programs "are not ends in themselves, but only the means for ensuring a 'reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.' " Id. at 2180 (citing Bounds, 430 U.S. at 825). Because "meaningful access to the courts is the touchstone," in order to assert a constitutional violation an inmate must show that he has suffered actual harm from the defendant's conduct, for example that the inadequacy of the law library caused the dismissal of his complaint. Id. Moreover, the court specifically disclaimed any suggestion that "the State must enable the prisoner to discover grievances, and to litigate effectively once in court." Id. at 2181 (emphasis in original). Finally, a prisoner can satisfy the injury requirement only by showing that he was hindered in attacking his sentence either directly or collaterally or in challenging the conditions of his confinement. Id. at 2181-82.
 
 
 4
 These principles doom Palmer's case. His attorney disciplinary matter was not an attack on either his conviction or his confinement, and thus is irrelevant to the limited constitutional right of access to the courts. Further, there is no showing that Johnson's alleged refusal to make photocopies hindered Palmer's post-conviction proceeding, as there apparently is no connection between the dismissal of that proceeding and Johnson's conduct. Rather, the post-conviction petition was dismissed after Palmer failed to comply with the Indiana court's order to offset his "misunderstanding of legal procedures and The Indiana Rules of Court" by obtaining the services of an attorney (perhaps by invoking his right to representation by the Indiana public defender). We sympathize with Palmer's reluctance to add his case to the public defender's expanding caseload, but cannot find any violation of Palmer's constitutional right of access to the courts where he fails to show that the inadequacy of the prison facilities caused the dismissal of his complaint. Finally, Palmer was able to present his claims to a court, even though the research took longer than it would have in the absence of library restrictions. In light of Lewis v. Casey 's disavowal of any suggestion that Indiana must help Palmer identify grievances or litigate effectively, summary judgment for Johnson was appropriate.
 
 
 5
 Given that we affirm the district court's judgment, we find no abuse of discretion in denying Palmer's Rule 59 motion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)